IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jack J. HARGROVE, Attorney at Law.

Supreme Court

*No. 93–3208–D. Filed April 20, 1994.*

(Also reported in 514 N.W.2d 418.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Attorney Jack J. Hargrove to practice law
in Wisconsin be suspended for 90 days as discipline for
professional misconduct. That misconduct consisted of
his neglect of several estates he had been retained to
probate, knowingly making a false statement to the
probate court in one of those estates, failing to keep a
divorce client informed of the status of her legal matter

and respond to her reasonable requests for information and neglecting that matter and his failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of two matters.

We determine that the recommended 90-day license suspension is appropriate discipline to impose for Attorney Hargrove's professional misconduct established in this proceeding. In addition to neglecting client matters, the kind of misconduct for which he previously has been reprimanded, Attorney Hargrove misrepresented to a court action he purportedly had taken in an estate and violated his professional duty to cooperate with the disciplinary authorities investigating allegations of his misconduct.

Attorney Hargrove was admitted to practice law in Wisconsin in 1978 and practices in Cumberland. In 1991 the Board of Attorneys Professional Responsibility publicly reprimanded him for neglect of a probate matter and a divorce matter.

The referee, the Hon. Timothy L. Vocke, reserve judge, made findings of fact based on Attorney Hargrove's admission of the allegations set forth in the Board's complaint. Attorney Hargrove failed to complete timely the probate of five estates that were opened between 1984 and 1986, in two of which he was removed as attorney. The referee concluded that Attorney Hargrove neglected those estates, in violation of former SCR 20.32(3),[1] and failed to act with reasonable

---

[1] Former SCR 20:32 provided:

**Failing to act competently** A lawyer may not:

. . .

(3)  Neglect a legal matter entrusted to the lawyer.

The current provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.3:

**Diligence**

diligence and promptness, in violation of SCR 20:1.3. In one of the estates, Attorney Hargrove misrepresented to the court that he had mailed a copy of the proposed final account to each of the estate's heirs; in fact, he had not done so. The referee concluded that Attorney Hargrove made a false statement of fact to a tribunal, in violation of SCR 20:3.3(a)(1),[2] and engaged in conduct involving dishonesty and misrepresentation, in violation of SCR 20:8.4(c).[3]

A second matter concerned Attorney Hargrove's representation of a client who retained him for a divorce action in 1989. After the judgment of divorce was entered, the client's former spouse received an increase in income but Attorney Hargrove failed to prepare a wage assignment and neglected his client's claims to property division and increased child support, despite his client's urging over an 18-month period that he pursue those matters. The referee concluded that Attorney Hargrove failed to act with reasonable diligence and promptness in pursuing the client's legal matter, in violation of SCR 20:1.3, and failed to keep the client informed of the status of her

A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:3.3 provides:

**Candor toward the tribunal**
    (a)  A lawyer shall not knowingly:
    (1)  make a false statement of fact or law to a tribunal;

[3] SCR 20:8.4 provides:

**Misconduct**
    It is professional misconduct for a lawyer to:
    . . .
    (c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

matter and respond to her reasonable requests for information, in violation of SCR 20:1.4(a).[4]

In addition to his misconduct in those matters, Attorney Hargrove failed to respond to two letters from the Board requesting a response to grievances filed by his clients in two of the matters. The referee concluded that he thereby failed to cooperate in the Board's investigation, in violation of SCR 21.03(4)[5] and 22.07(2).[6]

We adopt the referee's findings of fact and conclusions of law and impose the recommended 90-day license suspension as discipline for Attorney Hargrove's professional misconduct.

---

[4] SCR 20:1.4 provides:

**Communication**

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[5] SCR 21.03 provides:

**General principles**

. . .

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6] SCR 22.07 provides:

**Investigation**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

IT IS ORDERED that the license of Jack J. Hargrove to practice law in Wisconsin is suspended for a period of 90 days, commencing May 16, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jack J. Hargrove pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jack J. Hargrove to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jack J. Hargrove comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.