IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jack J. HARGROVE, Attorney at Law.

Supreme Court

*No. 96–0355–D. Filed February 4, 1997.*

(Also reported in 558 N.W.2d 123.)

Attorney disciplinary proceeding. *Attorney's license suspended.*

¶ 1.   PER CURIAM.   We review the report of the referee recommending that the license of Attorney Jack J. Hargrove to practice law in Wisconsin be sus-

pended for one year as discipline for professional misconduct. That misconduct consisted of his failure to complete the probate of an estate with reasonable diligence, failing to respond to the personal representative's requests for information regarding the status of the probate, and withdrawing from representation in the estate matter without taking reasonably practicable steps to protect the estate's interests, his failure to comply with another client's reasonable requests for information concerning the status of his legal matter and failing to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) during its investigation of the matter, and failing to respond in the Board's investigation of another client's grievance.

¶ 2.   We determine that the seriousness of that misconduct, the nature of which is similar to that for which Attorney Hargrove has been disciplined twice previously, warrants the one-year license suspension recommended by the referee. Attorney Hargrove has followed a pattern of failing to protect and promote the interests of his clients and has shown his continued willingness to ignore his professional obligation to respond to the disciplinary authority of this court.

¶ 3.   Attorney Hargrove was admitted to practice law in Wisconsin in 1978 and currently resides in Bloomington, Minnesota. At the time relevant to this proceeding, he practiced law in Cumberland, Wisconsin. He has been disciplined twice for professional misconduct. In 1991, the Board publicly reprimanded him for neglecting a probate matter and a divorce matter. In 1994, the court suspended his license to practice law for 90 days as discipline for neglecting the probate of several estates and knowingly making a false statement to the probate court in one of them, failing to keep

a divorce client informed of the status of her legal matter and respond to her reasonable requests for information and neglecting that matter, and failing to cooperate with the Board in its investigation of two matters. *In re Disciplinary Proceedings Against Hargrove*, 182 Wis. 2d 611, 514 N.W.2d 418.

¶ 4. In this proceeding, the facts found by the referee, the Hon. Timothy L. Vocke, reserve judge, were those to which Attorney Hargrove and the Board had stipulated or which Attorney Hargrove had admitted in his pleading. The first matter concerns his conduct representing a client who retained him in January, 1994, to draft two deeds, for which he paid $120 for the attorney's services and the recording fees. The client executed the deeds on March 4, 1994, and when he did not receive the recorded deeds in the time Attorney Hargrove told him to expect them, the client made several telephone calls to Attorney Hargrove.

¶ 5. The client received one of the deeds the last week of May, 1994 and over the next six months attempted to learn the status of the other deed. On the few occasions he was able to reach him, Attorney Hargrove said he would check on the matter and contact the client, but he did not give the client any further information about it. The client ultimately received the deed from the register of deeds office in April, 1995. The register of deeds noted that she had attempted to return the deed to Attorney Hargrove because he had failed to pay the recording fee, but after some eight months, her letter was unclaimed.

¶ 6. The client filed a grievance with the Board in November, 1994, and the Board asked Attorney Hargrove for a written response. In his response, Attorney Hargrove claimed to have received a note from the register of deeds but not the deed itself, asserting that

apparently it had been lost in the mail. When the Board asked him for additional information about his handling of that deed, Attorney Hargrove did not respond. A second letter from the Board, sent certified mail, was returned unclaimed. Attorney Hargrove twice was asked by the district professional responsibility committee to appear for questioning in the matter but did not appear.

¶ 7. The referee concluded that Attorney Hargrove's conduct in this matter violated the following rules of professional conduct. His failure to respond to numerous inquiries from his client regarding the status of the deed that was to be recorded violated SCR 20:1.4(a),[1] which requires an attorney to comply with a client's reasonable requests for information. His failure to respond to the Board's letter and to the district committee investigating the client's grievance violated SCR 21.03(4)[2] and 22.07(3).[3]

---

[1] SCR 20:1.4 provides, in pertinent part:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the

¶ 8.   In a second matter, Attorney Hargrove was retained in November, 1987 to represent an estate. He performed services for the estate in 1987 and in 1989, but no further activity occurred in the estate after an order to show cause was issued May 19, 1992. The personal representative tried repeatedly to contact Attorney Hargrove to obtain the estate's papers and retain other counsel to complete the probate but was unable to get a response from Attorney Hargrove. Attorney Hargrove also did not respond to letters from the Board during its investigation of the matter and was unresponsive to the investigators acting on behalf of the district professional responsibility committee.

¶ 9.   The referee concluded that Attorney Hargrove's failure to complete the probate of the estate, which was opened in December, 1987 and had not been completed at the time of the filing of the referee's report, constituted a failure to act with reasonable diligence in representing a client, in violation of SCR 20:1.3.[4] His failure to respond to the personal representative's requests for information regarding the status of the estate violated SCR 20:1.4(a), and his withdrawal from representation of the estate by relocating without telling the client how he might be contacted and without returning estate documents to the personal representative violated SCR 20:1.16(d),[5]

respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[4] SCR 20:1.3 provides:

**Diligence**
   A lawyer shall act with reasonable diligence and promptness in representing a client.

[5] SCR 20:1.16 provides, in pertinent part:

which requires an attorney who withdraws from representation to take steps reasonably practicable to protect the client's interests. Also, Attorney Hargrove's failure to make any response to the Board or to the district professional responsibility committee in their investigation of the client's grievance violated SCR 22.07(2)[6] and 21.03(4).

¶ 10. The third matter considered in this proceeding was Attorney Hargrove's failure to respond when, in September, 1994, he was sent a real estate abstract and asked to update it, for which he was given a $50 payment. Neither the bank involved in the matter nor the client received a response from Attorney Hargrove, and neither was able to contact him, as his law office telephone had been disconnected. Attorney Hargrove did not respond to letters from the Board

---

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

investigating the matter and did not respond to communications from the district professional responsibility committee. It was ascertained that Attorney Hargrove did not negotiate the $50 payment that was sent to him with the abstract. The referee concluded that Attorney Hargrove's failure to respond to the Board's request for information violated SCR 22.07(2) and 21.03(4).

¶ 11. As discipline for his professional misconduct, the referee recommended that Attorney Hargrove's license to practice law be suspended for one year. Rejecting the parties' proposed six-month license suspension, the referee noted that the prior discipline imposed on Attorney Hargrove for similar misconduct has not been effective to encourage Attorney Hargrove to correct the deficiencies in his law practice. The referee also expressed concern that the facts Attorney Hargrove admitted suggest that he had not ceased the practice of law when the court suspended his license for 90 days, commencing May 16, 1994. In that respect, the referee noted that Attorney Hargrove had implied to his client in the deed matter that he was still practicing law by promising to look into the matter of the missing deed and report to the client.

¶ 12. We adopt the referee's findings of fact and conclusions of law concerning Attorney Hargrove's professional misconduct. The recommended one-year license suspension is appropriate, as Attorney Hargrove has continued to engage in the same misconduct for which he has been disciplined.

¶ 13. IT IS ORDERED that the license of Jack J. Hargrove to practice law in Wisconsin is suspended for a period of one year, commencing the date of this order.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Jack J. Hargrove pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jack J. Hargrove to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that Jack J. Hargrove comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.